IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>v.<br>ROGER DUANE GOODWIN,<br>  Defendant. | No. 4:18-cr-00021-RGE-HCA<br><br>ORDER GRANTING<br>DEFENDANT'S RENEWED MOTION<br>FOR COMPASSIONATE RELEASE |

Now before the Court is Defendant Roger Duane Goodwin's Renewed Motion for Compassionate Release. ECF No. 159. The Government resists the motion. Gov't's Resist. Def.'s Mot. Compassionate Release, ECF No. 162. For the reasons set forth below, the Court grant's Goodwin's motion for compassionate release.

I.   BACKGROUND

In 2018, a grand jury in the Southern District of Iowa returned an indictment charging Goodwin with seven counts of mail fraud in violation of 18 U.S.C. § 1341. Redacted Indictment 4, ECF No. 3. The matter proceeded to trial. During the four-day trial, the jury heard, among other evidence, testimony from Goodwin's victims describing the actions taken by Goodwin and the harm they suffered. *See* Jury Trial Witness List, ECF No. 45. The evidence reflected losses to multiple victims totaling over one million dollars caused by Goodwin's fraudulent activity over the course of years. Sentencing Hr'g Tr. 60:20–61:7, ECF No. 122. The jury found Goodwin guilty on all counts. Jury Trial Day 4 Mins, ECF No. 44; Jury Verdict, ECF No. 47. The Court sentenced Goodwin to a 97-month term of imprisonment with three years of supervised release to follow and entered a judgment of forfeiture as to his residence and a Harley Davidson motorcycle. Amend. J. Crim. Case 3–4, ECF No. 108. In sentencing Goodwin, the Court varied downward from the advisory guideline range based, in part, on Goodwin's age and physical condition. Sealed Amend. J. Crim Case 3, ECF No. 109.

Goodwin appealed both his conviction and sentence. Notice of Appeal Suppl., ECF No. 106-1. The appeal remains pending. *See United States v. Goodwin*, No. 19-1014 (8th Cir.).

Goodwin previously moved for compassionate release. ECF No. 150. The Court denied the request without prejudice, finding Goodwin had not complied with the First Step Act's exhaustion requirement. Order Den. Def.'s Mot. Compassionate Release 2, ECF No. 156.

Goodwin files a renewed motion for compassionate release based upon "extraordinary and compelling circumstances." ECF No. 159 at 1. The Government resists the motion, although it agrees that Goodwin sets forth "extraordinary and compelling circumstances." ECF No. 162 ¶ 15.

## II.   LEGAL STANDARD

The First Step Act of 2018 amended the procedural requirements related to seeking compassionate release. Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018); *see* 18 U.S.C. § 3582(c)(1)(A). Where previously motions could only be filed by the Bureau of Prisons, a defendant may now independently file a motion for compassionate release after: 1) he fully exhausts his administrative rights to appeal a failure of the Bureau of Prisons to file such a motion on his behalf or 2) thirty days have elapsed since the warden of the defendant's facility received the request and no action has been taken, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *4 (D. Ariz. Nov. 8, 2019) (noting "the statutory language is opaque," but "the better reading is to require administrative exhaustion if a warden acts on a request within 30 days"); *but see United States v. Burnside*, No. 18-CR-2068-CJW-MAR, 2020 WL 3443944, at *7 (N.D. Iowa June 18, 2020) ("The statute does not on its face require a defendant to exhaust administrative appeals 'following a denial.'").

The Court may grant a defendant's motion for compassionate release if it finds "extraordinary and compelling reasons" warrant such a sentence reduction and the reduction is

consistent with the applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Additionally, the Court may grant a defendant's motion for compassionate release if "the defendant is at least 70 years of age, has served at least 30 years in prison . . . for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community." *Id.* If the Court finds the foregoing criteria are met, it must still consider the 18 U.S.C. § 3553(a) sentencing factors before granting a reduction. *Id.*

### III.   DISCUSSION

For the reasons set forth below, the Court concludes Goodwin has established an extraordinary and compelling reason supporting a sentencing reduction. Additionally, the Court finds Goodwin does not pose a danger to the community and the pertinent sentencing factors under 18 U.S.C. § 3553(a) support a sentencing reduction.

#### A.   Exhaustion

The Court denied without prejudice Goodwin's prior motion for compassionate release due to a failure to exhaust. ECF No. 156. Goodwin contends, and the Government agrees, that Goodwin has now complied with the exhaustion requirement. *See* Def.'s Br. Supp. Mot. Compassionate Release 6–8, ECF No. 160; ECF No. 162 ¶ 8 ("The government agrees that the record indicates that defendant has now satisfied the 'exhaustion' requirement of the statute."). As such, the Court turns to the merits of the motion.

#### B.   Extraordinary and Compelling Reasons

The Court may reduce Goodwin's sentence if extraordinary and compelling reasons warrant a reduction and such a reduction is consistent with the applicable Sentencing Commission policy statements. *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement

on § 3582(c)(1)(A) predates the First Step Act's amendments to the statute. *See* United States Sentencing Commission, *Guidelines Manual*, §1B1.13, p.s. (Nov. 2018). The policy statement on the unamended version of § 3582(c)(1)(A) provides a court may, upon the motion of the Director of the Bureau of Prisons, reduce a defendant's sentence if extraordinary and compelling reasons warrant the reduction, the defendant is not a danger to the safety of another person or the community, and the reduction is consistent with the policy statement. *Id.*

The Sentencing Commission's policy statement provides the Court with helpful guidance, but—because it is outdated—it falls short of providing clear, applicable standards. Many courts have concluded the application of this outdated policy statement is not mandatory. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) (declining to address the issue but acknowledging the lower court's discretion in expanding the application of USSG §1B1.13); *Burnside*, 2020 WL 3443944, at *4 ("[A]lthough [the policy statement] provides helpful guidance on what constitutes extraordinary and compelling reasons, it is not conclusive given the recent statutory changes."); *United States v. Van Cleave*, Nos. CR03-247-RSL & CR04-125-RSL, 2020 WL 2800769, at *5 (W.D. Wash. May 29, 2020) ("The Court joins the growing list of district courts in concluding that it has discretion to consider 'extraordinary and compelling circumstances' that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement."); *United States v. Gamble*, No. 3:18-cr-0022-4 (VLB), 2020 WL 1955338, *4 (D. Conn. Apr. 23, 2020) (noting the policy statement is advisory but "nevertheless helpful in defining the vague standard because the First Step Act did not amend the substantive standard"); *but see United States v. Walker*, No. 3:18-cr-000355-2, 2020 WL 4350603, at *3 (M.D. Tenn. July 29, 2020) (concluding the application of the policy statement is mandatory). The Court joins other district courts in treating the policy statement as helpful, but not binding.

The policy statement enumerates four categories of examples of extraordinary and compelling reasons warranting a sentence reduction. USSG §1B1.13, p.s. The categories include: (A) reasons related to the defendant's medical condition; (B) reasons related to the defendant's age; (C) reasons related to the defendant's family circumstances; and (D) any "other reasons" considered extraordinary and compelling by the Director of the Bureau of Prisons. *Id.* The first two categories are instructive here. In category (A), the policy statement states extraordinary and compelling reasons are found when a defendant is suffering from a terminal illness or a serious condition or impairment that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* n.1(A). In category (B), the policy statement states extraordinary and compelling reasons exist when the defendant is at least sixty-five years old, is "experiencing a serious deterioration in physical or mental health because of the aging process," and has served ten years or seventy-five percent of his or her term of imprisonment, whichever is less. *Id.* n.1(B). Category (A) "applies to . . . defendants younger than 65 who ha[ve] a specific life-ending or debilitating illness with a predictable, dire short-term prognosis" while category (B) "applies to senior-citizen defendants who have already spent over ten years in prison and whose physical and cognitive deterioration has impaired basic human functions without regard to whether their conditions, other than aging, are terminal." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020).

Category (D) contemplates "other reasons" may be extraordinary and compelling grounds supporting compassionate release, either independently or in combination with the other categories. USSG §1B1.13, p.s. comment. (n.1(D)). Courts have looked to this catch-all provision in considering whether other factors, including the COVID-19 pandemic, constitute extraordinary and compelling reasons for compassionate release. *See, e.g.*, *United States v. Urkevich*, No. 8:03cr37, 2019 WL 6037391, at *3 (D. Neb. Nov. 14, 2019); *United States v. Rodriguez*,

No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *3–6 (E.D. Penn. Apr. 1, 2020).

Goodwin relies upon this catch-all provision and contends his physical condition and age, combined with circumstances related to the global COVID-19 pandemic, constitute extraordinary and compelling reasons other than those delineated in the policy statements categories (A) through (C). ECF No. 160 at 20–24. To determine whether circumstances related to the COVID-19 pandemic warrant a sentence reduction, the Court considers the particular impact of the COVID-19 pandemic on Goodwin, taking into account the standards described in the policy statement. *See United States v. Polk*, No. 13-CR-2011 CJW-MAR, 2020 WL 4207550, at *4 (N.D. Iowa July 22, 2020) ("The presence of COVID-19 at a defendant's specific facility or within the BOP generally can constitute an extraordinary and compelling reason for compassionate release if the defendant is particularly susceptible to COVID-19 due to [his or her] age or underlying health conditions."). However, fear of contracting COVID-19 alone is not an extraordinary and compelling reason warranting a sentence reduction. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Frith*, No. 1:17-cr-2020, 2020 WL 4229160, at *4 (D.N.D. July 23, 2020) ("The mere existence of the COVID-19 pandemic, which poses a threat to every person in the country, does not, in and of itself, provide a basis for a sentence reduction.").

The Government does not contest Goodwin's age and medical conditions, combined with the COVID-19 pandemic, constitute extraordinary and compelling reasons under § 3582(c)(1)(A)(i). ECF No. 162 ¶ 15. As the Government acknowledges, Goodwin suffers from Type 2 diabetes and coronary artery disease. *Id.* The Center for Disease Control lists both

of these underlying conditions as having "the strongest and most consistent evidence" supporting "increased risk for severe illness from COVID-19." *Scientific Evidence for Conditions that Increase Risk of Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last visited Sept. 21, 2020). The Court accepts the Government's position that Goodwin's age and physical conditions, combined with the current COVID-19 pandemic, constitute extraordinary and compelling reasons for purposes of 18 U.S.C. § 3582(c)(1)(A)(i).

Having concluded extraordinary and compelling reasons exist, the Court considers whether Goodwin is a danger to the safety of any other person or the community. *See* USSG §1B1.13, p.s. At the time of sentencing, the Government stated that Goodwin did not pose a risk of flight or a danger to the community, in the context of allowing Goodwin to self-surrender. ECF No. 122 at 68:6–12, 69:4–8. And the Court allowed Goodwin to self-surrender, without incident. *See* J. Crim. Case 3, ECF No. 97. The Court concludes Goodwin does not pose a danger to the safety of any person or the community.

### C. Sentencing Factors

After finding extraordinary and compelling reasons that may warrant a sentence reduction and concluding the defendant does not pose a danger to the safety of the community, the Court must consider the sentencing factors under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The relevant factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .

7

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The Court must also consider the sentencing guidelines and pertinent policy statements. *Id.* § 3553(a)(3)–(5).

The nature and circumstances of Goodwin's offenses are serious. He was convicted of seven counts of mail fraud. ECF No. 97 at 1–2. He caused over one million dollars of losses. ECF No. 122 at 60:20–61:7. Many of the victims of his scheme were older individuals in poor health. *Id.* They trusted Goodwin. *Id.* And he abused their trust. *Id.*

As to Goodwin's history and characteristics, as acknowledged above, Goodwin has serious medical conditions. ECF No. 160 at 20–24; ECF No. 162 ¶ 15. The records from the Bureau of Prisons reflect that he continues to struggle with his health, despite the efforts of the Bureau to treat his multiple ailments. Def.'s Exs. E–F Supp. Mot. Compassionate Release, ECF No. 160-3 to 160-4 (BOP medical records). He has a history of alcohol abuse that may have contributed to his medical challenges. ECF No. 122 at 62:7–11.

He has no criminal history and no history of violence. Sealed Presentence Investigation Report 37, ECF No. 84. The records from the Bureau of prisons indicate he has not had any incident reports in the last six months. Def.'s Ex. C Supp. Mot. Compassionate Release 4, ECF 160-1. Prior to the restrictions required due to the coronavirus pandemic, he completed multiple courses of education. *Id.* The courses taken, ranging from Weight Management to Moneysmart-Financial, demonstrate a commitment to self-improvement not evident at the time of sentencing. *See id.*

The Court imposed a significant sentence—97 months—to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, among other factors.

ECF No. 122 at 63:22–64:2. Goodwin has served less than 25 percent of the imposed sentence. Additionally, Goodwin has made no meaningful effort to pay the over $900,000 of restitution due to his five victims. He has paid $50 to restitution in the last six months, while having deposits of $1,934.86 in the same time period. ECF No. 160-1 at 4–5.

Nonetheless, considering § 3553(a) factors and Goodwin's uncontested heightened risk for serious complications from further exposure to COVID-19, the Court concludes Goodwin should be removed from the prison environment. Because of the seriousness of the offense and to provide just punishment, the remaining time of incarceration will be replaced with a special term of supervised release, with strict limitations on Goodwin's liberty. *See* 18 U.S.C. § 3582((c)(1)(A) (authorizing any portion of the unserved term of imprisonment to be replaced with supervised release). This equivalent term of supervised release will be served as home confinement.

## IV. CONCLUSION

**IT IS ORDERED** that Defendant Roger Duane Goodwin's Renewed Motion for Compassionate Release, ECF No. 159, is **GRANTED**.

**IT IS FURTHER ORDERED** that all time remaining on Defendant Roger Duane Goodwin's term of imprisonment (through the current projected release date of December 18, 2025) shall be served as a special term of supervised release. This term will be served in its entirety under home confinement. The following special conditions shall apply during this period:

> Upon release, Defendant Roger Duane Goodwin shall contact the United States Probation Office via telephone within 72 hours. He shall remain in self-quarantine for fourteen days upon returning home. He shall comply with all national, state, and local orders regarding COVID-19.
>
> Defendant Roger Duane Goodwin must participate in the Location Monitoring Program, utilizing monitoring technology at the discretion of the United States Probation Office, and he shall abide by all technology requirements. Goodwin must remain at his residence at all times except for medical appointments and court appearances, or other activities specifically approved by the United States Probation Office in advance of the absence. Goodwin must follow all program rules. He will pay for the location monitoring equipment

and/or service at the prevailing rate or in accordance with his ability to pay, as directed by the United States Probation Office.

When the special term expires on Defendant Roger Duane Goodwin's current release date of December 18, 2025, Goodwin shall then serve the three-year term of supervised release already imposed. The terms and conditions set forth in Goodwin's Amended Judgment filed January 4, 2019, apply during both terms of supervised release. *See* ECF No. 108.

**IT IS FURTHER ORDERED** that this Order is stayed for up to fourteen days, for establishment of a release plan, to make appropriate travel arrangements, and to ensure the Defendant Roger Duane Goodwin's safe release. Goodwin shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Goodwin to travel.

**IT IS SO ORDERED**.

Dated this 21st day of September, 2020.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE